UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FAIRADE DORSEY,

Plaintiff,

v.

DR. TUBB; LT. TUBB; LT. ANDERSON; CO. DEATHERAGE; MR. ROMAN; MS. MOORE; DHO ROSILES; MS. RAMOS; and MS. MCGHEE,

Defendants.

Case No. 14-CV-4803 (SRN/SER)

REPORT AND RECOMMENDATION

---

Plaintiff Fairade Dorsey — a prisoner at the Federal Correctional Institution at Sandstone, Minnesota ("FCI-Sandstone") — filed a petition for a writ of habeas corpus, naming the warden at the prison where he is confined as the lone respondent. *See* ECF No. 1. Dorsey's petition stated three claims for relief: (1) that prison officials had wrongfully taken away good-time credits to which he was entitled; (2) that prison officials violated his equal-protection rights; and (3) that prison officials retaliated against him for exercising his First Amendment rights. *Id*. The government moved to dismiss Dorsey's habeas petition in its entirety. With respect to ground one, the government noted that Dorsey's good-time credit had been restored, and that this claim was moot. *See* ECF No. 9 at 5-6. With respect to grounds two and three, the government noted that, under Eighth Circuit case law, a prisoner may not challenge the conditions of his confinement in a habeas petition, but may only challenge the fact or duration of that confinement. *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014). In an order dated June 26, 2015, the Court granted the government's motion to dismiss ground one of the habeas petition. *See* ECF No. 16. Rather than dismiss grounds two and three outright, however, Dorsey

was given permission to file an amended pleading restating the claims brought in grounds two and three. *Id*.

Dorsey filed his first amended complaint on July 10, 2015. *See* ECF No. 17. Dorsey also filed an application to proceed *in forma pauperis* ("IFP"). *See* ECF No. 18. In reviewing Dorsey's IFP application, this Court ordered Dorsey to pay an initial partial filing fee of at least $16.63, as required by 28 U.S.C. § 1915(b). *See* ECF No. 19. This Court also noted that Dorsey's first amended complaint was legally insufficient, insofar as it continued to name the warden at FCI-Sandstone as the lone respondent, even though the warden was not alleged to have personally committed any wrongdoing. *See* ECF Nos. 19 & 21.

Dorsey has since filed a second amended complaint, this time bringing claims against the nine prison officials alleged to have violated his constitutional rights. *See* ECF No. 22. Upon review of that second amended complaint, this Court concludes that Dorsey has chosen the incorrect venue for his lawsuit. Accordingly, this Court recommends that this matter be transferred to the United States District Court for the Northern District of Texas.

Under 28 U.S.C. § 1391(b),

> A civil action may be brought in —
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Each of the defendants named in Dorsey's second amended complaint is listed as a resident of Texas. *See* ECF No. 22 at 2-3. This may not be true; Dorsey provides the address for the Federal Correctional Institution in Big Spring, Texas ("FCI-Big Springs") as the address for each defendant, and it is doubtful that each of the defendants actually *resides* at that prison. That said, there is no reason whatsoever to believe that each of those Texas prison officials is a resident of Minnesota. Accordingly, § 1391(b)(1) does not permit this action to be brought in Minnesota.

Further, none of the events or occurrences at issue in this action took place in Minnesota. *See* ECF No. 22 at 5-6. Indeed, the District of Minnesota does not appear to have any connection whatsoever to the claims brought by Dorsey in his second amended complaint. Rather, all of the events in question are alleged to have occurred at FCI-Big Springs, where Dorsey was incarcerated previously. Thus, § 1391(b)(2) does not allow this action to be brought in Minnesota, either.

The most appropriate venue for this matter appears to be the Northern District of Texas, where FCI-Big Springs is located, where at least one of the defendants is likely to reside (given the employment of all nine defendants in that district), and where all of the events and actions giving rise to the claims occurred. This Court therefore recommends that this action be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

This Court notes, however, that even if venue were appropriate in Minnesota, it would nevertheless recommend transfer of this matter to the Northern District of Texas "[f]or the

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Northern District of Texas is certain to be the more convenient venue for the nine named defendants to this action; no inconvenience is likely to result for Dorsey, who will conduct this litigation from prison in any event; the evidence relevant to the events at issue is likely to be found in the Northern District of Texas; and this litigation (at least with respect to Dorsey's civil claims) is not so far advanced that transfer would inconvenience the parties — indeed, the defendants have not yet been served in this action. *See Central Reg. Employees Benefit Fund v. SmithKline Beecham Corp.*, No. 09-CV-2125 (ADM/JSM), 2010 WL 3515693, at *3 (D. Minn. Aug. 31, 2010) (noting that Eighth Circuit case law "supports a district court's ability to transfer *sua sponte*" and citing cases).

Finally, should this matter be transferred, this Court further recommends that Dorsey's pending application to proceed IFP and motion for appointment of counsel also be transferred, so that they may be considered in the first instance by the Northern District of Texas.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be TRANSFERRED to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1406(a).

Dated: November 2, 2015

*s/Steven E Rau*
Steven E. Rau
U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.